Russell S. Thompson, IV (029098)
Ryan Pittman (032643)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elena Macias, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Mark A. Kirkorsky, P.C., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## NATURE OF ACTION

1.      Plaintiff Elena Macias ("Plaintiff") brings this action against Defendant Mark A. Kirkorsky, P.C. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)).  Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

2

## THE FAIR DEBT COLLECTION PRACTICES ACT

7. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

8. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

9. Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

10. "In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress 'clearly intended that private enforcement actions would be the primacy enforcement tool of the Act.'" *Id.* (quoting *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982)).

11. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

12. "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117-18 (9th Cir. 2014) (emphasis in original).

**PARTIES**

13. Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Pima, and City of Tucson.

14. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

16. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

17. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

18. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal vehicle lease (the "Debt").

19. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

4

20. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21. The Debt arises from a deficiency balance owed on a vehicle that was solely financed by David Randlle ("Mr. Randlle").

22. On or about April 25, 2013, Mr. Randlle entered into a contract with Chapman Used Cars Palo Verde to purchase a 2001 Buick Century.

23. The loan was assigned to CAG Acceptance, LLC ("CAG").

24. Mr. Randlle is Plaintiff's ex-boyfriend.

25. Plaintiff did not co-sign on the contract for the purchase of the vehicle.

26. CAG hired Defendant to collect the Debt on its behalf.

27. On July 8, 2015, Defendant, on behalf of CAG, filed a complaint against both Mr. Randlle and Plaintiff in an attempt to collect the Debt in the Pima County Justice Court, Case No. CV15-007731-RC.

28. Defendant served Plaintiff by publication.

29. On April 26, 2016, Defendant obtained a default judgment against Mr. Randlle and Plaintiff.

30. On October 21, 2016, Defendant filed a writ of garnishment against Plaintiff for $10,862.01 with the principal amount subject to interest at a rate of 24.90%.

31. On November 18, 2016, Defendant began garnishing Plaintiff's paycheck every two weeks.

32. Prior to receiving notice that her wages would be garnished, Plaintiff was unaware of the judgment that had been entered against her and was therefore unable to defend herself.

33. Plaintiff works for the Tucson Unified School District and her hours—and therefore her wages and subsequent garnishment amount—vary according to the school's schedule.

34. To date, Defendant has garnished $974.72 of Plaintiff's wages, inclusive of garnishment costs.

35. Defendant stated that Mr. Randlle and Plaintiff were married in its lawsuit, and therefore, Plaintiff was jointly and severally liable for the Debt.

36. Plaintiff had been in a relationship with Mr. Randlle, they have a child together, and, in 2010, Plaintiff and Mr. Randlle even applied for a marriage license.

37. However, Plaintiff never married Mr. Randlle.

38. Shortly after submitting their application for a marriage license, Plaintiff was the victim of domestic abuse at the hands of Mr. Randlle and, since 2010, has obtained an order of protection against Mr. Randlle at two separate times.

39. In Arizona, a marriage is not valid unless, "[a] license is issued as provided in this title", the marriage is solemnized by an individual authorized to solemnize marriages, and the marriage is solemnized before the marriage license expires. A.R.S. § 25-111.

40. No marriage license between Plaintiff and Mr. Randlle was ever filed, nor was there a solemnization ceremony for Plaintiff and Mr. Randlle to be married in the State of Arizona, or in any other state.

41. Mr. Randlle incurred the Debt as his sole and separate responsibility.

42. Because Plaintiff was never married to Mr. Randlle, Plaintiff does not owe the Debt.

43. Therefore, Defendant had obtained a judgment and garnished Plaintiff for an amount that she did not owe.

44. Defendant also used false, misleading, or deceptive statements in an attempt to collect the Debt by stating that Plaintiff owes the Debt because she is married to Mr. Randlle.

45. On November 30, 2016, Plaintiff, appearing pro se, requested a hearing in an attempt to lift the judgment against her and quash the garnishment.

46. A true and correct copy of Plaintiff's request for hearing is attached to this complaint as Exhibit A.

47. In support of the hearing, Plaintiff stated: "I am not married and have no affiliation with this person and would like to have this judgment lifted."  Exhibit A.

48. Additionally, Plaintiff stated that the judgment and garnishment had "effected [sic] me greatly at work" and that she felt harassed and embarrassed as a result of the garnishment.  Exhibit A.

49. Plaintiff further stated that "as a single mother, I have suffered with a low income [and] this garnished amount is devastating—and I have had to get loans to pay my bills." Exhibit A.

50. The Pima Country Justice Court set a hearing for December 12, 2016.

51. At the hearing, Plaintiff brought a copy of her taxes as well as a certificate from the Office of the Clerk for Pima Country Court stating that no marriage license had been issued for Plaintiff.

52. A true and correct copy of the Office of the Clerk's declaration of no marriage license is attached to this complaint as Exhibit B.

53. Plaintiff brought both documents to her hearing on December 12, 2016 to show that she was not married to Mr. Randlle.

54. Despite bringing this documentation and showing up at the hearing, Defendant continued to garnish Plaintiff and hold her responsible for the Debt.

55. Because Plaintiff's attempts to lift the garnishment action on her own were unsuccessful, Plaintiff reached out to her current counsel who filed a Rule 60 motion to vacate the judgment against Plaintiff.

56. In response, Defendant did not contend that Plaintiff was actually married to Mr. Randlle, but instead, focused on how "reasonable" it believed its original justification in suing Plaintiff on the Debt was.

57. Therefore, upon information and belief, Defendant knew or should have known that Plaintiff did not owe the Debt, yet continued to litigate the matter by filing a response in opposition to Plaintiff's motion, arguing at the hearing, and refusing to vacate

the judgment without presenting evidence that Plaintiff was—in fact—married to Mr. Randlle.

58. The parties attended a hearing in the Pima County Justice Court on May 26, 2017.

59. On May 30, 2017, the Pima County Justice Court vacated the judgment against Plaintiff and quashed the garnishment.

60. Prior to being garnished, Plaintiff had stayed current on all her payment obligations to her creditors.

61. The garnished amounts removed from Plaintiff's wages caused a considerable toll on Plaintiff's finances and ability to pay for herself and her daughter.

62. In an attempt to stay afloat on her other expenses, Plaintiff took out two $500 title loans with A Speedy Cash Car Title Loans and Lobel Financial.

63. Plaintiff was unable to stay current on these title loans and has since defaulted.

64. Plaintiff was also unable to maintain her rent payments and moved in with a friend, who she is currently staying with now.

65. In May, Plaintiff's car was repossessed and sold at auction, with Plaintiff now responsible for a deficiency balance.

66. Defendant's garnishment has caused considerable damage to Plaintiff's finances and, to add insult to injury, it is due to Defendant attempting to hold Plaintiff responsible for the Debt of an abusive ex-boyfriend who has not given any money for child support for Plaintiff's daughter.

67. Defendant's garnishment has also caused Plaintiff stress and anxiety. In December, 2016, Plaintiff was feeling stressed out from attending the hearing and garnishment of her funds.

68. Plaintiff sought treatment in December, 2016 for her increased anxiety and was put through a variety of breathing and meditation activities to help deal with her stress.

69. Plaintiff has continued to deal with increased anxiety and stress based upon this garnishment action.

70. In fact, to date, Defendant has not returned the money that it garnished from Plaintiff.

71. In addition to the stress entailed by the reduction of her funds, Plaintiff has felt more anxious about Defendant's debt collection process, sometimes feeling like she might be followed by an agent of Defendant who is attempting to find a 'loophole' to hold her liable for this Debt she does not owe, especially considering that Defendant has not returned the garnished amount.

72. As a result of Defendant's harassing efforts to collect the outstanding debt alleged due, Plaintiff suffered personal humiliation, embarrassment, mental anguish, emotional distress, and detriment to Plaintiff's character and personal reputation.

73. The personal humiliation, embarrassment, mental anguish, emotional distress, and detriment to Plaintiff's character and personal reputation that Plaintiff suffered was a natural consequence of Defendant's harassing efforts to collect the outstanding debt alleged due.

74. The personal humiliation, embarrassment, mental anguish, emotional distress, and detriment to Plaintiff's character and personal reputation that Plaintiff suffered as a result of Defendant's harassing efforts to collect the outstanding debt alleged due constitute mental anguish more than mere vexation, inconvenience, or unpleasantness.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692d

75. Plaintiff repeats and re-alleges each factual allegation contained above.

76. Among the protections in the FDCPA is the general prohibition against "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

77. "Violations of § 1692d involve 'tactics intended to embarrass, upset, or frighten a debtor.'" *Hoover v. Monarch Recovery Mgt., Inc.*, 888 F. Supp. 2d 589, 596 (E.D. Pa. 2012) (quoting *Donatelli v. Warmbrodt,* 2011 WL 2580442, at *9 (W.D.Pa. June 28, 2011)).

78. Defendant violated 15 U.S.C. § 1692d by engaging in conduct which harassed, oppressed, or abused Plaintiff, including by obtaining a judgment and garnishing against Plaintiff for a Debt she did not owe, for continuing to litigate the action when it knew or should have known Plaintiff was not responsible for the Debt, and for failing to return the money Defendant had garnished Plaintiff after the Pima County Justice Court's ruling.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

79. Plaintiff repeats and re-alleges each factual allegation contained above.

80. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e.

81. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

82. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false

claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

83. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(2)(B)

84. Plaintiff repeats and re-alleges each factual allegation contained above.

85. Within this broad prohibition, the FDCPA also specifically forbids the "false representation of—any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2)(B); *see West v. Costen*, 558 F. Supp. 564 (W.D. Va. 1983) (holding that defendants violated §

1692e(2)(B) because "there was no legal basis for imposing the service charges. Therefore the service charges were compensation which cannot be 'legally received'").

86. Defendant violated 15 U.S.C. § 1692e(2)(B) by falsely representing services rendered or compensation which may be lawfully received by Defendant for collection of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(B);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(5)

87. Plaintiff repeats and re-alleges each factual allegation contained above.

88. The FDCPA also specifically forbids the "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

89. Defendant violated 15 U.S.C. § 1692e(5) for taking an action that cannot legally be taken, including by adding Plaintiff to the Pima County Justice Court case

when she was not married to Mr. Randlle and for garnishing Plaintiff for a Debt she does not owe.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

### COUNT V
### VIOLATION OF 15 U.S.C. § 1692e(10)

90. Plaintiff repeats and re-alleges each factual allegation contained above.

91. Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

15

92. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

### COUNT VI
### VIOLATION OF 15 U.S.C. § 1692f

93. Plaintiff repeats and re-alleges each factual allegation contained above.

94. The FDCPA also prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

95. In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

96. Defendant violated 15 U.S.C. § 1692f by falsely adding Plaintiff to the Pima County Justice Court case, for continuing to litigate the Justice Court case without offering proof that Plaintiff was married to Mr. Randall, by trying to use the Justice Court case as a means of getting a judge to rule that its actions were 'reasonable' in order to circumvent the present FDCPA matter rather than provide proof that the judgment was legitimate, and for not returning Plaintiff's wrongfully garnished funds as of the date of this complaint.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT VII**
**VIOLATION OF 15 U.S.C. § 1692f(1)**

97. Plaintiff repeats and re-alleges each factual allegation contained above.

98. The FDCPA also prohibits the use of unfair or unconscionable means to collect debts, including, but not limited to, the attempt to collect amounts to which the debt collector is not legally entitled to collect. *See* 15 U.S.C. §§ 1692f, 1692f(1)

99. Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt nor permitted by law.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

100. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 13, 2017

Respectfully submitted,

s/ Russell S. Thompson IV
Russell S. Thompson IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618

Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com

<u>s/ Ryan Pittman</u>
Ryan Pittman (032643)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

Attorneys for Plaintiff